**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1278
_____

REINARD SMITH,
                                        Appellant

v.

ALEX KERSHENTSEF; KEY & V AUTO SALES; VLAD (JOHN DOE); MIKE
(JOHN DOE); JANE DOE 1; JANE DOE 2; JOHN DOE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-04159)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 14, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed August 20, 2024)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Reinard Smith appeals pro se from the District Court's February 2, 2024 decision denying his motion filed pursuant to Federal Rule of Civil Procedure 60. For the reasons that follow, we will affirm.

I.

Smith commenced this lawsuit in the District Court in 2019, suing a used car dealership and a few of its employees (hereinafter collectively referred to as "Appellees"). The lawsuit, which raised both federal and state-law claims, stemmed from Smith's purchase of a used Lexus from that dealership. In 2022, the District Court referred the case to arbitration. In 2023, the arbitration panel found in favor of Smith on two claims — an unfair-trade-practices claim and an unlawful-repossession claim. The panel awarded Smith $300 for that first claim and $1050 for the second claim. Smith subsequently requested a trial de novo before the District Court. Appellees then moved to strike that request as untimely. Thereafter, in May 2023, the District Court granted Appellees' motion to strike[1] and entered the arbitration award as the final judgment in this case.

In December 2023, Smith moved the District Court for relief under Rule 60. The case was then reassigned to a different District Judge, who denied that motion on its merits on February 2, 2024. Smith then filed this appeal, challenging that denial.

---

[1] The District Court determined that Smith had filed that request after the expiration of the 30-day deadline set forth in its Local Rule of Civil Procedure 53.2(7).

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] To the extent that Smith's Rule 60 motion sought relief under subsection (b)(4), we exercise plenary review over the District Court's denial of that part of the motion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 n.5 (3d Cir. 2008). And to the extent that his Rule 60 motion sought relief under subsection (d)(3), our review is for abuse of discretion. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).[3]

Rule 60(b)(4) "authorizes [a] court to relieve a party from a final judgment if 'the judgment is void.'" United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (quoting Fed. R. Civ. P. 60(b)(4)). But a Rule 60(b)(4) motion "is not a substitute for a timely appeal," id., and such a motion is warranted "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard," id. at 271. Neither of those rare circumstances is present in this case.

---

[2] Our jurisdiction here is limited to reviewing the District Court's February 2, 2024 decision. The District Court's May 2023 judgment is not properly before us, for (1) Smith did not file his Rule 60 motion within 28 days of that judgment, see Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59(e), and (2) his notice of appeal is otherwise untimely as to that judgment, see Fed. R. App. P. 4(a)(1)(A); see also Bowles v. Russell, 551 U.S. 205, 209 (2007) (providing that the time to appeal is "mandatory and jurisdictional" (citation to quoted case omitted)).

[3] Smith's Rule 60 motion also sought relief under subsections (b)(3) and (b)(6). But he has forfeited any challenge to the denial of those parts of his Rule 60 motion by failing to raise them in his opening brief. See Kars 4 Kids Inc. v. Am. Can!, 98 F.4th 436, 452 (3d Cir. 2024).

As for Rule 60(d)(3), that provision states that Rule 60 does not limit a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "A court may set aside a judgment based upon its finding of fraud on the court when an officer of the court has engaged in egregious misconduct." In re Bressman, 874 F.3d 142, 150 (3d Cir. 2017) (internal quotation marks omitted). "[S]uch a finding must be supported by clear, unequivocal and convincing evidence of (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself." Id. (internal quotation marks and ellipsis omitted). Here, Smith has not put forth evidence, let alone clear and convincing evidence, of fraud on the court.

In view of the above, and after carefully considering the arguments raised in Smith's briefing, we see no reason to disturb the District Court's February 2, 2024 decision denying his Rule 60 motion.[4] Accordingly, we will affirm that judgment.[5]

---

[4] Because we agree with the District Court that Smith's Rule 60 motion lacks merit, we need not consider Appellees' alternative argument that the Rule 60 motion was subject to denial under the law-of-the-case doctrine.

[5] Appellees' motion to supplement the appendix with certain documents contained in the District Court record is granted. Smith's request for oral argument is denied.